IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BENJAMIN BELROSE,           )
                            )
        Plaintiff,          )
                            )
v.                          )   1:10cv764 (LMB/TRJ)
                            )
HARTFORD LIFE & ACCIDENT,   )
INSURANCE COMPANY,          )
                            )
        Defendant.          )

## MEMORANDUM OPINION

Before the Court is defendant Hartford Life & Accident Insurance Company's Motion to Dismiss [Dkt. No. 5], which the parties have fully briefed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process. For the reasons stated below, the motion will be granted as to all claims.

### I. Background

This civil action, brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), arises from defendant Hartford Life and Accident Insurance Company's ("Hartford") termination of plaintiff Benjamin Belrose's long-term disability benefits.

Belrose worked as a systems engineer for Camber Corporation, which provided an employee benefit plan, including a disability plan insured by Hartford. The disability insurance policy contains a three-year limitations period for any legal action

against Hartford.[1] On September 10, 2002, Belrose underwent knee surgery, which he claims resulted in an infection. Belrose did not return to work, and he received short-term disability benefits beginning in September 2002 and long-term disability benefits beginning in December 2002. Belrose alleges that in August 2003, he experienced chest pains and angina, preventing him from returning to work. Hartford determined that Belrose was capable of performing sedentary work, and on October 5, 2005 terminated his disability benefits. Belrose administratively appealed, and Hartford issued a final denial on June 14, 2006.

Belrose filed this one-count civil action on July 9, 2010, alleging that Hartford's termination of his long-term disability benefits violated ERISA. Compl. at ¶ 26. The complaint's preliminary statement also alleges "illegal discharge" under Section 510 of ERISA, Compl. at ¶ 1, and negligent misrepresentation, Compl. at ¶ 2; however, the complaint does not discuss these claims further or state them as counts.

Hartford has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that the insurance contract's three-year limitations period bars the ERISA claim regarding the denial of benefits. Hartford also argues that the Section 510 claim is

---

[1] Although Belrose did not quote the policy's limitations period in his complaint, Hartford attached the policy to its motion to dismiss. It is proper to consider this attachment because it was "integral to and explicitly relied on in the complaint." Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

2

invalid because Hartford was never Belrose's employer, and the negligent misrepresentation claim fails because Belrose does not allege any facts to support the claim.

II. Discussion

A. ERISA claim

Belrose alleges that Hartford's termination of his benefits caused him "to lose long-term disability benefits, wage-alternates, and lost retirement benefits, and other fringe benefits and consequential damages." Compl. at ¶ 26. Hartford argues that the policy's three-year limitations period bars this claim. Mem. in Supp. of Def.'s Mot. to Dismiss. at 10.

A court should apply an insurance policy's limitations period if it is reasonable and not contrary to public policy. See, e.g., Mirabile v. Life Ins. Co. of N.A., 293 Fed. Appx. 213 (4th Cir. 2008); Northlake Reg'l Med. Ctr. v. Waffle House System Employee Benefit Plan, 160 F.3d 1301 (11th Cir. 1998). If a court does not apply an insurance policy's limitations period, it will apply the state's statute of limitations for breach of written contract, which is five years in Virginia, Va. Code § 8.10-246(2).

Belrose argues that the five-year Virginia statute of limitations should apply because Hartford's contractual provision is unreasonable. The insurance policy at issue states that an insured must file a civil action no later than "three years after

3

the time written Proof of Loss is required to be furnished according to the terms of the Policy." Decl. of Mariann Letson, Ex. 2 at 25. Belrose argues that the policy's limitations period began to run when he underwent knee surgery on September 10, 2002, and that he was obliged under the policy to file this civil action no later than September 10, 2005. Because that was nine months before Hartford denied Belrose's appeal, Belrose argues, the contractual limitations period is unreasonable and violates public policy. Memo. in Supp. of Plaintiff's Opp. to Def.'s Mot. Pursuant to Rule 12(b)(6) at 3.

Belrose ignores the Fourth Circuit's holding that the limitations period for an ERISA claim begins to run when the plaintiff exhausts all administrative appeals. See White v. Sun Life Assur. Co., 488 F.3d 240, 246 (4th Cir. 2007) ("This means that the statute of limitations begins to run at the moment when the plaintiff may seek judicial review, because ERISA plaintiffs must generally exhaust administrative remedies before seeking judicial review."). Even if an insurance policy states that the limitations period begins to run when proof of loss is submitted, the period will not begin to run until the insurer issues a final denial. See Mirabile, 293 Fed. Appx. at 215.[2] Accordingly, the

---

[2] As did Hartford's policy, the insurance policy in Mirabile stated that the plaintiff must bring an action within three years of "the time within which proof of loss is required by the policy." Mirabile v. Life Ins. Co. of N.A., 2:06cv573, 2007 U.S. Dist. LEXIS 42999, at *5 (E.D. Va. June 12, 2007). The Fourth Circuit, citing White, affirmed the district court's holding that

4

three-year limitations period is not unreasonable or contrary to public policy when viewed as starting to run once all administrative appeals are exhausted.

Because Belrose filed his complaint more than a year after the three-year limitations period expired, his ERISA claim must be dismissed.

B. Section 510 discharge claim

The complaint alleges that Belrose seeks "to redress his illegal discharge, which was done pretextually with the purpose of interfering with continuing rights to which he was entitled under an employee benefit plan." Compl. at ¶ 1. The complaint does not provide any details about the alleged discharge.

Section 510 of ERISA states:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this title, section 3001 [29 USCS § 1201], or the Welfare and Pension Plans Disclosure Act, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this title, or the Welfare and Pension Plans Disclosure Act. It shall be unlawful for any person to discharge, fine, suspend, expel, or discriminate against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to this Act or the Welfare and Pension Plans Disclosure Act.

---

the limitations period began to run once the denial of the plaintiff's claim became final, and the three-year contractual limitations period was reasonable. 293 Fed. Appx. at 215.

5

29 U.S.C. § 1140. Hartford argues that this claim should be dismissed because Section 510 of ERISA provides a cause of action against employers who retaliate against employees who assert their ERISA rights, and Hartford never employed Belrose. Mem. in Supp. of Def.'s Mot. to Dismiss. at 11. In response, Belrose admits that he was not an employee of Hartford, which is the only defendant named in this lawsuit. Plaintiff's Resp. to Def.'s Mot. to Dismiss and Mot. to Apply Statutory Limitations of Actions at ¶ 3. This admission is fatal to any claim of illegal discharge against Hartford. See <u>Conkwright v. Westinghouse Electric Corp.</u>, 933 F.2d 231, 237 (4th Cir. 1991) ("[T]he primary focus of § 510 is to prevent[] unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights.") (internal quotation marks and citations omitted). Therefore, Belrose's illegal discharge claim will be dismissed.

C. Negligent misrepresentation

Belrose "seeks compensatory damages for his claim of negligent misrepresentation brought as a supplemental state claim under Virginia state law." Compl. at ¶ 2.

Hartford correctly argues that Belrose "does not allege what facts were misrepresented, who stated those facts, when they were stated, or how he was harmed by the misrepresentation." Mem. in Supp. of Def.'s Mot. to Dismiss. at 13. In response, Belrose

6

admits that he fails to state a valid negligent misrepresentation claim. Plaintiff's Resp. to Def.'s Mot. to Dismiss and Mot. to Apply Statutory Limitations of Actions at ¶ 4. Therefore, Belrose's claim of negligent misrepresentation will be dismissed.

III. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss [Dkt. No. 5] will be GRANTED as to all claims by an Order to be issued with this Opinion.

Entered this 15th day of November, 2010.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge